Slip Op. 20-104

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **BUILDING SYSTEMS DE MEXICO, S.A. DE C.V.,**<br><br>        **Plaintiff,**<br><br>v.<br><br>**UNITED STATES,**<br><br>        **Defendant,**<br><br>**and**<br><br>**FULL MEMBER SUBGROUP OF THE AMERICAN INSTITUTE OF STEEL CONSTRUCTION, LLC and COREY S.A. DE C.V.,**<br><br>        **Defendant-Intervenors.** | **Before: Claire R. Kelly, Judge**<br><br>**Court No. 20-00069** |

<u>**MEMORANDUM AND ORDER**</u>

[Denying the motion to stay.]

Dated: July 23, 2020

<u>Matthew R. Nicely</u>, Akin Gump Strauss Hauer & Feld LLP, of Washington, DC, for plaintiff Building Systems de Mexico, S.A. de C.V.  Also on the brief was <u>Daniel M. Witkowski</u>.

<u>In K. Cho</u>, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant United States.  Also on the brief were <u>Michael D. Granston</u>, Deputy Assistant Attorney General, <u>Jeanne E. Davidson</u>, Director, and <u>Patricia M. McCarthy</u>, Assistant Director.  Of counsel was <u>Brandon J. Custard</u>, Senior Attorney, Office of Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

Court No. 20-00069                                                    Page 2

Alan H. Price, Christopher B. Weld, Stephanie M. Bell, and Adam M. Teslik, Wiley Rein LLP, of Washington, DC, for defendant-intervenor Full Member Subgroup of the American Institute of Steel Construction, LLC.

Diana Dimitriuc-Quaia, Jessica Rose DiPietro, John Marshall Gurley, Arent Fox LLP, of Washington, DC, for defendant-intervenor Corey S.A. de C.V.

Kelly, Judge: Before the court are Full Member Subgroup of the American Institute of Steel Construction, LLC's ("AISC") motion for a stay of proceedings pending the final and conclusive outcome of the North American Free Trade Agreement binational panel's ("NAFTA panel") review of the U.S. International Trade Commission's ("ITC") final negative determination in its investigation into whether the domestic industry is materially injured (or threatened with material injury) by imports of fabricated structural steel ("FSS") from Canada, the People's Republic of China ("China"), and Mexico. See Mot. to Stay Proceedings, May 28, 2020, ECF No. 22 ("AISC's Mot."); see also Fabricated Structural Steel From Canada, China, and Mexico, 85 Fed. Reg. 16,129 (Int'l Trade Comm'n Mar. 20, 2020) (determinations) ("FSS from Canada, China & Mexico"). For the reasons that follow, AISC's motion to stay is denied.

## BACKGROUND

Plaintiff Building Systems de Mexico, S.A., de C.V. ("BSM") commenced this action pursuant to section 516A(a)(2)(B)(i) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(B)(i) (2012).[1] See Summons, Mar. 30, 2020, ECF No. 1; Compl.,

---

[1] Further citations to the Tariff Act of 1930, as amended, are to the relevant provisions of Title 19 of the U.S. Code, 2012 edition.

Mar. 30, 2020, ECF No. 6. BSM challenges the U.S. Department of Commerce's ("Commerce") final affirmative determination in its less than fair value ("LTFV") investigation of FSS from Mexico. See Compl. at ¶¶ 1–2; see also Certain Fabricated Structural Steel from Mexico, 85 Fed. Reg. 5,390 (Dep't Commerce Jan. 30, 2020) (final determination of sales at [LTFV]) ("Final Results") and accompanying Issues and Decisions Memo. for [Final Results], A-201-850, (Jan. 23, 2020), ECF No. 21-6.

On March 20, 2020, the ITC published its final negative determination in its part of the investigation into whether imports of FSS cause (or represent a threat of) material injury to the domestic industry. See FSS from Canada, China & Mexico, 85 Fed. Reg. at 16,129.[2] On May 21, 2020, various interested parties filed requests with the United States Section of the NAFTA Secretariat for binational review of the ITC's final negative injury determination. See [NAFTA], Article 1904; Binational Review, 85 Fed. Reg. 25,388 (Dep't Commerce May 1, 2020) (notice of request for panel review; USA–MEX–2020–1904–04) ("NAFTA Req.").[3]

---

[2] Before an antidumping duty order can issue, both Commerce and the ITC must come to affirmative conclusions in their respective investigations into imports of the subject merchandise. See 19 U.S.C. § 1673d(c)(2).

[3] On February 19, 2020, BSM filed its notice of intent to seek judicial review of Commerce's Final Results. See Compl. at ¶ 15. Thereafter, Defendant-Intervenor Corey S.A. de C.V. filed a request with the United States Section of the NAFTA Secretariat for binational review of Commerce's Final Results. See [NAFTA], Article 1904; Binational Review, 85 Fed. Reg. 14,462 (Dep't Commerce Mar. 12, 2020) (notice of request for panel review; USA–MEX–2020–1904–01).

Court No. 20-00069                                                        Page 4

On May 28, 2020, AISC moved to stay the court's review of Commerce's final affirmative determination until 30 days after the NAFTA panel's review of the ITC's negative injury determination.  <u>See</u> AISC's Mot. at 1.[4]  On July 9, 2020, BSM and Defendant filed their responses to AISC's motion to stay.[5]  <u>See</u> [BSM's] Resp. Opp'n Mot. Stay, July 9, 2020, ECF No. 30 ("Pl.'s Br."); Def.'s Memo. Supp. Mot. Dismiss & Opp'n to Mot. Stay, July 9, 2020, ECF No. 31 ("Def.'s Resp. & Mot. Dismiss").

## JURISDICTION AND STANDARD OF REVIEW

The asserted basis for jurisdiction is 19 U.S.C. § 1516a(a)(2)(B)(i) and 28 U.S.C. § 1581(c), which grant the court authority to review actions contesting a final affirmative determination in an antidumping investigation.[6]  The power to stay proceedings, however, "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  <u>Landis v. North American Co.</u>, 299 U.S. 248, 254 (1936)

---

[4] On July 1, 2020, United States-Mexico-Canada Agreement entered into force, replacing NAFTA.  <u>See</u> United States-Mexico-Canada Agreement Implementation Act, Pub. L. No. 116-113, 134 Stat. 11 (2020); <u>see also</u> <u>USMCA To Enter Into Force July 1 After United States Takes Final Procedural Steps For Implementation</u>, Office of the U.S. Trade Representative, https://ustr.gov/about-us/policy-offices/press-office/press-releases/2020/april/usmca-enter-force-july-1-after-united-states-takes-final-procedural-steps-implementation (last visited July 22, 2020).

[5] On June 18, 2020, the court granted Defendant's consent motion for an extension of time to respond to AISC's motion to stay the proceedings.  <u>See</u> Order, June 18, 2020, ECF No. 27.

[6] Defendant has filed a motion to dismiss for lack of jurisdiction.  <u>See generally</u> Def.'s Resp. & Mot. Dismiss.  The Government of Canada appears as amicus curiae in this action and filed a brief in support of Defendant's motion to dismiss.  <u>See</u> Government of Canada's Amicus Curiae Br. Supp. Def.'s Mot. Dismiss, July 10, 2020, ECF No. 36.

Court No. 20-00069                                                                 Page 5

("Landis").  Although the decision to grant or deny a stay rests within the court's sound discretion, courts must weigh and maintain an even balance between competing interests when deciding whether a stay is appropriate.  See Landis, 299 U.S. at 254–55; see also Cherokee Nation v. United States, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (citations omitted).

## DISCUSSION

AISC submits that granting the stay would promote judicial economy because, unless and until a NAFTA panel or this Court remands the determination to the ITC, and unless and until the ITC issues an affirmative remand redetermination, any and all challenges to Commerce's final determination are moot.[7]  See AISC's Mot. at 1–3.  BSM counters that granting the stay would cause it considerable hardship and undermine judicial economy.  See Pl.'s Br. at 1–9.  Defendant adds that the court lacks jurisdiction to stay the case.[8]  See Def.'s Resp. & Mot. Dismiss at 13–14.  For the following reasons, AISC's motion to stay is denied.

---

[7] A request for NAFTA panel review of the ITC's negative determination is currently pending.  See NAFTA Req., 85 Fed. Reg. at 25,388.

[8] Defendant argues that the court lacks jurisdiction to entertain this case.  See Def.'s Resp. & Mot. Dismiss at 13–14.  AISC requests the court to grant the stay in part to avoid reaching the jurisdictional issue in this case.  See AISC's Mot. at 3.  BMS submits that the court should deny the stay and resolve the jurisdictional issue.  See Pl.'s Br. at 7.  Defendant insists that the court lacks the power to grant the stay altogether, and submits that the court is required to dismiss the case without deciding the motion to stay.  See Def.'s Resp. & Mot. Dismiss at 13–14.  To the extent

(footnote continued)

If there is "even a fair possibility that [a] stay" will do damage to the opposing party, the movant "must make out a clear case of hardship or inequity in being required to go forward[.]" See Landis, 299 U.S. at 255. The court may also consider whether the stay promotes judicial economy. See, e.g., Diamond Sawblades Mfrs' Coal. v. United States, Slip Op. 10-40 at 4–8, 34 CIT 404, 406–08 (2010) ("Diamond Sawblades"). Typically, speculative claims regarding the possible impact of a future decision on the disposition of the case at bar do not suffice to warrant a stay. See e.g., Georgetown Steel Co. v. United States, 27 CIT 550, 552–56, 259 F. Supp. 2d 1344, 1346–49 (2003) (denying a motion to stay pending resolution of a Court of Appeals for the Federal Circuit case with speculative relevance to the case at bar); Ethan Allen Global, Inc. v. United States, Slip Op. 14-76, 2014 WL 2898617 (CIT June 27, 2014) (denying a motion to stay pending the final resolution of a petition for a writ of certiorari to the U.S. Supreme Court). Nonetheless, the court has granted stays pending ongoing litigation of issues that are central to the court's decision. See e.g., RHI Refractories Liaoning Co. v. United States, 35 CIT 407, 411–12, 774 F. Supp. 2d 1280, 1284–85 (2011) (granting a stay pending ongoing litigation of an important question of law before the Court of Appeals for the Federal Circuit).

---

that Defendant suggests the court must refrain from denying or granting the stay, and that the court's only option is to dismiss the case for lack of jurisdiction, this position is overly formalistic. Essentially, the Defendant is asking the court to ignore the motion to stay long enough to decide jurisdiction which is the same as denying the stay. The court necessarily has the power to dispose of the motion to stay in order to assess its own jurisdiction. The court declines to ignore the motion.

Here, AISC fails to make a strong showing of hardship or inequity in being required to go forward with the proceeding, while staying the case risks causing harm to BSM and undermining judicial economy. As a preliminary matter, the statute indicates that BSM may seek judicial review of Commerce's final determination before the agency issues an ADD order. See 19 U.S.C. § 1516a(a)(3). Moreover, should a NAFTA panel or this Court's review of the ITC's determination result in an affirmative remand redetermination, the U.S. Customs and Border Protection will be instructed to suspend liquidation of BSM's entries and to collect cash deposits based on the dumping margins calculated in the Final Results. 19 U.S.C. § 1673d(c)(1); 19 C.F.R. § 351.210(d). Thus, to the extent that it could cause a change to BSM's dumping margin, the court's ruling on the present challenge to the Final Results would have practical consequences for BSM. A successful challenge to Commerce's Final Results may result in a lower (if not a zero or de minimis) dumping margin, reducing BSM's cash deposit rate (if not resulting in BSM's exclusion from an ADD order altogether). See 19 U.S.C. § 1673d(c)(1); 19 C.F.R. § 351.210(d). Prompt review of the pending challenge to the Final Results would allow the court to begin the sometimes-lengthy process of clarifying and remanding any unlawful agency determinations for further explanation or reconsideration. Finally, the court's jurisdiction over this proceeding is presently contested,[9] and it makes little sense to

---

[9] Both BSM and Defendant argue in favor of the court reaching and deciding the jurisdictional issue. See Pl.'s Br. at 7; see generally Def.'s Resp. & Mot. Dismiss at 13–14.

stay the case in the name of promoting judicial economy before assessing whether BSM's challenge is properly before the court.

AISC's attempt to analogize this situation with the facts of <u>Diamond Sawblades</u> is not persuasive. AISC's Mot. at 2–3. In <u>Diamond Sawblades</u>, the initial motion to stay pending review of the ITC's negative determination before the court in that case was granted on consent. <u>See</u> Slip Op. 10-40 at 2, 34 CIT 404 at 405 ("<u>Diamond Sawblades</u>"). The court subsequently denied a contested motion to lift the stay pending ongoing litigation before the Court of Appeals for the Federal Circuit ("Court of Appeals") of the ITC's affirmative remand redetermination, noting that the Court of Appeals case was underway and that a ruling would issue soon. <u>See</u> <u>Diamond Sawblades</u>, Slip Op. 10-46 at 6, 34 CIT at 407 ("The Federal Circuit's case disposition statistics indicate a median docketing-to-disposition time of approximately one year for cases from this court, making a ruling . . . likely in a matter of months.").

Unlike <u>Diamond Sawblades</u>, because the parties recently requested the NAFTA panel's review of the ITC's determination, it is unlikely that the NAFTA panel will render a decision within a matter of months. After requesting review, the parties are allowed 30 days from the date of request to appoint two panelists, 45 days from the date of request to exercise peremptory challenges to those appointments, and 55 to 61 days from the date of the request to appoint a fifth panelist. <u>See</u> North American Free Trade Agreement, U.S.-Can.-Mex., Dec. 17, 1992, annex 1901.2(2)–

Court No. 20-00069                                                    Page 9

(3), 32 I.L.M. 289, 687 (1993) ("NAFTA").  Additionally, the NAFTA panel must conduct its review in accordance with Article 1904(14), which allows the parties 30 days to file a complaint, 30 days to file the administrative record, 60 days for complainant to file its brief, 60 days for responses, 15 days for replies, 15 to 30 days for the panel to convene and hear oral argument, and 90 days for the panel to issue its written decision.  <u>See</u> NAFTA art. 1904(6), (14), 32 I.L.M. at 683–84.  This is not to mention the possibility of an extraordinary challenge to the NAFTA panel's decision.  <u>See e.g.</u>, NAFTA art. 1904 (13), 32 I.L.M. at 683.  Unlike in <u>Diamond Sawblades</u>, this court does not foresee a decision from a NAFTA panel disposing of the matter soon.  As such, the court sees no reason to delay addressing the issues before it and AISC's motion to stay is denied.

## CONCLUSION

For the foregoing reasons, it is

**ORDERED** that AISC's motion to stay is denied.


                                                    /s/ Claire R. Kelly
                                                    Claire R. Kelly, Judge


Dated:         July 23, 2020
               New York, New York