Slip Op. 20-155

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| BUILDING SYSTEMS DE MEXICO, S.A. DE C.V., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> FULL MEMBER SUBGROUP OF THE AMERICAN INSTITUTE OF STEEL CONSTRUCTION, LLC and COREY S.A. DE C.V., <br><br> Defendant-Intervenors. | Before: Claire R. Kelly, Judge <br><br> Court No. 20-00069 |

## OPINION AND ORDER

[ Denying Defendant's motion to dismiss. ]

Dated: November 3, 2020

Matthew R. Nicely, Akin Gump Strauss Hauer & Feld LLP, of Washington, DC, for plaintiff Building Systems de Mexico, S.A. de C.V. Also on the brief was Daniel M. Witkowski.

In K. Cho, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant United States. Also on the briefs were Michael D. Granston, Deputy Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director. Of counsel was Brandon J. Custard, Senior Attorney, Office of Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce, of Washington, DC.

Alan H. Price, Wiley Rein LLP, of Washington, DC, for defendant-intervenor Full Member Subgroup of the American Institute of Steel Construction, LLC. Also on the brief was Christopher B. Weld, Stephanie M. Bell, and Adam M. Teslik

Diana D. Quaia, Arent Fox LLP, of Washington, DC, for defendant-intervenor Corey S.A. de C.V. Also on the brief was John M. Gurley and Jessica R. DiPietro.

Matthew P. McCullough, Curtis, Mallet-Prevost, Colt & Mosle LLP, of Washington, DC, for amicus curiae the Government of Canada. Also on the brief was Tung Nguyen.

Kelly, Judge: Defendant moves to dismiss Plaintiff's complaint for lack of subject-matter jurisdiction. See Def.'s Memo. Supp. Mot. to Dismiss for Lack of Subject-Matter Jurisdiction & Opp'n to Mot. to Stay, July 9, 2020, ECF No. 31 ("Def.'s Br."). Defendant and Defendant-Intervenors, joined by the Government of Canada as amicus curiae ("Canada" or "amicus"), submit that section 516A(g) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(g) (2018)[1] precludes the Court from exercising jurisdiction over Building Systems de Mexico, S.A. de C.V's ("BSM") challenge to the U.S. Department of Commerce's ("Commerce") final affirmative determination in its less-than-fair-value ("LTFV") investigation of fabricated structural steel ("FSS") from Mexico because Corey S.A. de C.V. ("Corey") timely filed a request for binational panel

---

[1] On July 1, 2020, United States-Mexico-Canada Agreement ("USMCA") entered into force. See United States-Mexico-Canada Agreement, Office of the U.S. Trade Representative, https://ustr.gov/trade-agreements/free-trade-agreements/united-states-mexico-canada-agreement (last visited Nov. 1, 2020); see also United States-Mexico-Canada Agreement Implementation Act, Pub. L. No. 116-113, 134 Stat. 11 (2020) ("Implementation Act"). Pursuant to section 432 of the Implementation Act, the USMCA's entry into force does not affect the disposition of this action, which involves a final determination that was published before the relevant amendments to the Tariff Act of 1930 became effective. As such, further citations to the Tariff Act of 1930, as amended, are to the relevant provisions of Title 19 of the U.S. Code, 2018 edition.

review of the final determination pursuant to Article 1904 of the North American Free Trade Agreement ("NAFTA").[2] See Def.'s Br. at 6–13; Def.-Intervenor [Corey's Revised] Resp. Supp. Def.'s Mot. to Dismiss at 1–4, Aug. 13, 2020, ECF No. 43 ("Corey's Resp. Br."); Def.-Intervenor [Full Member Subgroup of the American Institute of Steel Construction, LLC's] Resp. to Mot. to Dismiss at 1–2, Aug. 13, 2020, ECF No. 40 ("AISC's Br."); see also Gov't of Canada's Amicus Curiae Br. Supp. Def.'s Mot. to Dismiss at 1–17, July 10, 2020, ECF No. 36-1 ("Canada's Amicus Br.").[3] BSM counters that the Court retains jurisdiction over the dispute by operation of the § 1516a(g)(3) exception because Corey's NAFTA binational panel request cannot be deemed to have been made by an FTA country, and that the threshold question of whether the § 1516a(g)(3) exception applies belongs to the Court. See Pl.'s Resp. Opp'n Mot. to Dismiss at 1–15, Aug. 13, 2020, ECF No. 42 ("Pl.'s Br."). For the following reasons, Defendant's motion to dismiss is denied.

---

[2] The U.S. Court of International Trade has exclusive jurisdiction over matters arising under the Sections 516A of the Tariff Act, which governs appeals of determinations arising from antidumping and countervailing duty proceedings. See 28 U.S.C. § 1581(c) (2018); see also 19 U.S.C. § 1516a. However, if an FTA country, otherwise entitled to sue in the United States prefers, it may request to have a NAFTA binational panel preside over the appeal instead of a U.S. court. See 19 U.S.C. § 1516a(g). The binational panel replaces U.S. courts where a NAFTA party opts for a panel, and Congress intended that the binational panel's decision have the same effect as a U.S. court judgment. See Ontario Forest Indus. Ass'n v. United States, 30 CIT 1117, 1120, 444 F. Supp. 2d 1309, 1313 (2006) (citing S. REP. NO. 100-509, at 30 (1988), reprinted in 1988 U.S.C.C.A.N. 2395, 2425).

[3] Canada appears as amicus curiae in this action and filed a brief in support of Defendant's motion to dismiss. See generally Canada's Amicus Br.; see also Order, July 10, 2020, ECF No. 35 (granting consent motion for Canada to appear as amicus curiae).

Court No. 20-00069                                                                                                               Page 4

## BACKGROUND

On February 25, 2019, in response to a petition filed by a subgroup of the American Institute of Steel Construction, LLC (specifically, "Full Member Subgroup of the American Institute of Steel Construction, LLC" or "AISC"),[4] a trade association representing domestic producers of FSS, Commerce initiated an antidumping investigation of FSS from Canada, Mexico, and the People's Republic of China. See Certain [FSS] From Canada, Mexico, and the People's Republic of China, 84 Fed. Reg. 7,330 (Dep't Commerce Mar. 4, 2019) (initiation of [LTFV] investigations). Commerce affirmatively determined that imports of certain FSS from Mexico were being, or were likely to be, sold in the United States at LTFV, and its investigation yielded weighted-average dumping margins of 8.47 and 0.00 percent for BSM and Corey, respectively. See Certain [FSS] from Mexico, 85 Fed. Reg. 5,390, 5,392 (Dep't Commerce Jan. 30, 2020) (final determination of sales at [LTFV]) ("Final Results") and accompanying Issues and Decision Memo. for [Final Results], A-201-850, (Jan. 23, 2020), ECF No. 21-6 ("Final Decision Memo").

---

[4] On April 20, 2020, the court granted AISC's unopposed motion to intervene as a matter of right. See Order, April 20, 2020, ECF No. 14. Shortly thereafter, AISC moved to stay the proceedings pending the outcome of the NAFTA binational panel's review of the U.S. International Trade Commission's final negative determination in its investigation into whether imports of FSS cause (or represent a threat of) material injury to the domestic industry, which the court denied. See [AISC's] Mot. to Stay, May 28, 2020, ECF No. 22; see also Bldg. Sys. de Mexico, S.A. de C.V. v. United States, 44 CIT __, Slip Op. 20-104 (July 23, 2020).

On February 19, 2020, BSM filed a notice of intent to seek judicial review of Commerce's final determination. See Compl. ¶ 15, Mar. 30, 2020, ECF No. 6. On February 28, 2020, the United States Section of the NAFTA Secretariat received a request for binational review of Commerce's final determination filed on behalf of Defendant-Intervenor Corey. See [NAFTA], Article 1904 Binational Panel Review, 85 Fed. Reg. 14,462 (Dep't Commerce Mar. 12, 2020) (notice of request for panel review; USA-MEX-2020-1904-01) ("NAFTA Req.").[5]

On March 30, 2020, Plaintiff BSM commenced this action pursuant to 19 U.S.C. § 1516a(a)(2)(B)(i) and § 1516a(d), challenging certain aspects of Commerce's final determination in its LTFV investigation of certain FSS from Mexico. See Summons, Mar. 30, 2020, ECF No. 1; Compl. at ¶¶ 1–2, 3–7; see also Final Results; Final Decision Memo. Defendant's motion to dismiss for lack of subject matter jurisdiction ensued.

## DISCUSSION

The issue before the court is whether Corey fulfilled certain constitutional and statutory requirements for obtaining review of a final determination before a NAFTA binational panel, therefore precluding this court from exercising jurisdiction over this proceeding. The court holds that it has authority to determine whether it has

---

[5] On March 20, 2020, the U.S. International Trade Commission published its final negative determination in its part of the investigation into whether imports of FSS cause (or represent a threat of) material injury to the domestic industry. See [FSS] from Canada, China & Mexico, 85 Fed. Reg. 16,129 (Int'l Trade Comm'n Mar. 20, 2020).

Court No. 20-00069 Page 6

jurisdiction over this proceeding. Moreover, the court holds that it has jurisdiction over this proceeding because the requirements to request a binational panel, and divest this court of jurisdiction, have not been met.

**I.   Court's Authority to Decide the Court's Jurisdiction**

As a threshold matter, Defendant, Defendant-Intervenor Corey and amicus challenge the court's authority to reach the jurisdictional question that Defendant raises in this appeal. See Def.'s Br. at 6–13; Corey's Resp. Br. at 3; Canada's Amicus Br. at 5–7. Defendant, Defendant-Intervenor Corey and amicus submit that the issue of whether Corey has standing to request binational review of the final determination—and thus, whether Corey's request can be deemed filed by an FTA country such that the court would be precluded from exercising jurisdiction—belongs exclusively to the NAFTA binational panel. See Def.'s Br. at 6–13; Corey's Resp. Br. at 3; Canada's Amicus Br. at 5–7. For the following reasons, the court holds that it has authority to determine whether it has jurisdiction over this case.

The statutory framework and the separation of powers doctrine both envision that this Court will resolve jurisdictional questions. Congress provided, as an exception to NAFTA binational panel review, that this Court may review "a determination as to which neither the United States nor the relevant [free trade area ("FTA")] country requested review[.]" 19 U.S.C. § 1516a(g)(3)(A)(i). Pursuant to 19

Court No. 20-00069                                                                                          Page 7

U.S.C. § 3434(c) and NAFTA art. 1904(5),[6] taken together, a person, as opposed to one of the NAFTA countries, can request a panel so long as that person would otherwise be permitted to sue under the law of the importing party. See 19 U.S.C. § 3434(c). Given that the law of the importing party is U.S. law, in order for a person to request binational review of Commerce's final determination, that person must be one with standing to challenge the determination. Id. ("[A] person, within the meaning of paragraph 5 of article 1904, may request a binational panel review of such determination. . . [and] [t]he receipt of such request by the United States Secretary shall be deemed to be a request for binational panel review within the meaning of article 1904."); [NAFTA] art. 1904(5), U.S.-Can.-Mex., Dec. 17 1992, 32 I.L.M. 289, 683 (1993) ("An involved Party on its own initiative may request review of a final determination by a panel and shall, on request of a person who would otherwise be entitled under the law of the importing Party to commence domestic procedures for judicial review of that final determination, request such review.").

Section 1516a(g) reveals that this Court retains authority to determine its own jurisdiction. Here, § 1516a(g)(2) precludes the Court from exercising jurisdiction over an appeal from a final determination "[i]f binational panel review of [that] determination is requested pursuant to article 1904 of the NAFTA[.]" 19 U.S.C. § 1516a(g)(2). However, § 1516a(g)'s preclusion is subject to various

---

[6] The NAFTA provision is part of the statutory scheme as Congress explicitly incorporates it by reference, e.g., in 19 U.S.C. § 3434(c) as discussed in greater detail below, and in 19 U.S.C. § 1516a(g)(2) (concerning the scope of the binational review provision).

Court No. 20-00069 Page 8

exceptions.[7] Congress, when enumerating exceptions to § 1516a(g)'s preclusion on the exercise of jurisdiction, allowed the Court to exercise jurisdiction where a determination sought to be reviewed was one "(i) . . . which neither the United States nor the relevant FTA country requested review by a binational panel" or "(iv) . . . which a binational panel has determined is not reviewable by the binational panel[.]" 19 U.S.C. § 1516a(g)(3)(A). If only the NAFTA binational panel could determine whether an exception to the statute has been met, exception (iv) would be superfluous, as every instance an exception applies would be one "which a binational panel has [so] determined[.]" See 19 U.S.C. § 1516a(g)(3)(A)(iv); see also, e.g., Hibbs

---

[7] 19 U.S.C. § 1516a(g)(3). Exception to exclusive binational panel review.

(A) In general. A determination is reviewable under subsection (a) if the determination sought to be reviewed is—

(i) a determination as to which neither the United States nor the relevant FTA country requested review by a binational panel pursuant to article 1904 of the NAFTA or of the Agreement,

(ii) a revised determination issued as a direct result of judicial review, commenced pursuant to subsection (a), if neither the United States nor the relevant FTA country requested review of the original determination,

(iii) a determination issued as a direct result of judicial review that was commenced pursuant to subsection (a) prior to the entry into force of the NAFTA or of the Agreement,

(iv) a determination which a binational panel has determined is not reviewable by the binational panel,

(v) a determination as to which binational panel review has terminated pursuant to paragraph 12 of article 1905 of the NAFTA, or

(vi) a determination as to which extraordinary challenge committee review has terminated pursuant to paragraph 12 of article 1905 of the NAFTA.

Court No. 20-00069 Page 9

v. Winn, 542 U.S. 88, 101 (2004) ("A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant[.]").[8]

Moreover, even assuming the separation of powers doctrine allows Congress to divert jurisdiction over an appeal from an administrative determination away from an Article III court,[9] separation of powers does not permit this Court to abdicate its duty to determine whether Congress indeed meant to do so. Separation of powers prevents not only the encroachment of one branch on the other, but also the

---

[8] Defendant, Defendant-Intervenor and amicus fail to persuade that the applicability of the 19 U.S.C. § 1516a(g)(3)(A) exception should be decided by a NAFTA binational panel. Amicus argues that the exception allowing for a binational panel to dismiss a suit supports its position that the Court cannot decide matters relating to its own jurisdiction. See Canada's Amicus Br. at 5–6. In particular, amicus reasons that the statutory provision allowing a plaintiff to file a summons and complaint in the U.S. Court of International Trade within 30 days of a binational panel dismissal suggests that Congress intended that only a binational panel could decide whether a party had standing under U.S. law to commence a suit. Id. at 6. However, as amicus itself points out, the exceptions to jurisdiction originated in the U.S.-Canada Free-Trade Agreement ("CFTA"), the predecessor to NAFTA. See Canada's Amicus Br. at 5–7. Yet, the CFTA's implementing legislation had no provision allowing a party to commence an action in the U.S. Court of International Trade within 30 days following a binational panel's dismissal. See [CFTA] Implementation Act of 1988, Pub. L. 100-449, 102 Stat. 1851 (1988); cf. 19 U.S.C. § 1516a(a)(5)(C)(i). If Canada's position were correct, it would follow that, under the CFTA, Congress intended to leave the parties without a remedy if the CFTA panel decided it lacked jurisdiction. The court cannot accept that Congress would have intended litigants dismissed from a binational panel to be deprived access to the U.S. Court of International Trade.

[9] There is no challenge in this case that the Constitution prohibits Congress from diverting jurisdiction over appeals from countervailing and antidumping duty determinations to NAFTA binational panels, nor would this Court be the court where such a claim would be heard. Section 1516a(g)(4) provides that an action challenging the constitutionality of binational panels "may be brought only in the United States Court of Appeals for the District of Columbia Circuit[.]" 19 U.S.C. § 1516a(g)(4)(A).

Court No. 20-00069 Page 10

abandonment by one branch of its obligations. See Free Enter. Fund v. Pub. Co. Accounting Oversight Bd., 561 U.S. 477, 496-98 (2010)("[T]he separation of powers does not depend on . . . whether 'the encroached-upon branch approves the encroachment.'") (citations omitted). A federal statute that restricts this Court's jurisdiction implicates the "institutional integrity of the Judicial Branch" see Commodity Futures Trading Comm'n v. Schor, 478 U.S. 833, 850–53 (1986) and the rights of individual litigants. Id. at 850, 855. This Court has a responsibility to answer the constitutional inquiry embedded in the statute.

Indeed, Congress acknowledges the Court's separation of powers responsibilities with respect to constitutional issues in particular. Section 1516a(g)(4) provides for challenges to the constitutionality of NAFTA binational panels themselves to be heard by the United States Court of Appeals for the District of Columbia Circuit. 19 U.S.C. § 1516a(g)(4)(A). Further, constitutional issues, other than challenges to the constitutionality of binational panels themselves, that may arise under any law, must be heard by the U.S. Court of International Trade. Specifically, the statute provides: "Review is available under subsection (a) with respect to a determination solely concerning a constitutional issue (other than an issue to which subparagraph (A) applies) arising under any law of the United States as enacted or applied." 19 U.S.C. § 1516a(g)(4)(B). The legislative history of this provision indicates that Congress intended this subsection to allow for constitutional

Court No. 20-00069									Page 11

challenges to antidumping or countervailing duty laws.  See S. REP. NO. 100-509, at 30  (1988), reprinted in 1988 U.S.C.C.A.N. 2395, 2428.[10]

In this case, there is no constitutional challenge to an antidumping or countervailing duty law.  However, the jurisdictional dispute requires a threshold analysis of constitutional standing for challenging a determination under the antidumping and countervailing duty laws.  The same separation of powers concerns that resulted in provisions for constitutional review under 19 U.S.C. § 1516a(g)(4) arise in considering whether a party would have standing to bring a challenge under U.S. law so as to deprive this Court of jurisdiction.  This Court cannot abdicate its role to determine that threshold issue.

## II.    Jurisdiction

Defendant, Defendant-Intervenor Corey and amicus argue that 19 U.S.C. § 1516a(g) precludes this court from exercising jurisdiction.  See Def.'s Br. at 6–13; Corey's Resp. Br. at 2–3; Canada's Amicus Br. at 9–15.  BSM counters that because Corey lacks standing under U.S. law to challenge Commerce's final determination, its request cannot be deemed filed by an FTA country, and thus the statutory exception to preclusion under 19 U.S.C. § 1516a(g)(3) applies.  See Pl.'s Br. at 3–11.  For the following reasons, the court holds that it has jurisdiction over BSM's appeal.

---

[10] Such a challenge would be heard by a three-judge panel of this Court.  19 U.S.C. § 1516a(g)(4)(B).

Court No. 20-00069 Page 12

In relevant part, 28 U.S.C. § 1581(c) (2018) vests the U.S. Court of International Trade with exclusive jurisdiction over any civil action commenced under section 516A of the Tariff Act of 1930, as amended 19 U.S.C. § 1516a. Under 19 U.S.C. § 1516a(a)(2)(B)(i) the Court may review "[f]inal affirmative determinations by the administering authority and by the Commission under [19 U.S.C. §§ 1671d or 1673d], including any negative part of such a determination (other than a part referred to in clause (ii))."[11]

However, 19 U.S.C. § 1516a(g) provides that if a party seeks binational review of "a determination described in-- [19 U.S.C. § 1516a(a)(2)(B)(i)–(iii), (vi)–(vii)] . . . the determination is not reviewable under [19 U.S.C. § 1516a(a).]" 19 U.S.C. § 1516a(g)(1)(B), (2)(A). Nonetheless, 19 U.S.C. § 1516a(g)(3) enumerates certain exceptions, and permits judicial review of "a determination as to which neither the United States nor the relevant FTA country requested review[.]" Id. at § 1516a(g)(3)(A)(i).[12]

---

[11] 19 U.S.C. § 1516a(a)(2)(B)(ii) provides for review of

> [a] final negative determination by the administering authority or the Commission under section [19 U.S.C. §§ 1671d or 1673d], including, at the option of the appellant, any part of a final affirmative determination which specifically excludes any company or product.

[12] The phrase "relevant FTA country" is statutorily defined as "the free trade area country to which an antidumping or countervailing duty proceeding pertains." 19 U.S.C. § 1516a(f)(9).

The statute also establishes a mechanism for private parties to seek binational review of Commerce's final determination in cases involving NAFTA merchandise. Namely, 19 U.S.C. § 3434(c) provides, in pertinent part, that

> a person, within the meaning of paragraph 5 of article 1904, may request a binational panel review of such determination by filing such a request with the United States Secretary . . . [and] [t]he receipt of such request by the United States Secretary shall be deemed to be a request for binational panel review within the meaning of article 1904.

19 U.S.C. § 3434(c). Under article 1904(5) of the NAFTA

> [a]n involved Party on its own initiative may request review of a final determination by a panel and shall, on request of a person who would otherwise be entitled under the law of the importing Party to commence domestic procedures for judicial review of that final determination, request such review.

NAFTA art. 1904(5), 32 I.L.M. at 683.

In the United States, a private person who would "otherwise be entitled under the law of the importing Party to commence domestic procedures for judicial review" is a person who has standing. Standing is a threshold matter in which the court ensures that the plaintiff's complaint meets the requirements of Article III of the Constitution. McKinney v. U.S. Dept. of Treasury, 799 F.2d 1544, 1549 (Fed. Cir. 1986); see also Warth v. Seldin, 422 U.S. 490, 517–18 (1975) ("[t]he rules of standing, . . . are threshold determinants of the propriety of judicial intervention."). The Constitution constrains the federal courts' jurisdiction to cases which involve "actual cases or controversies," and standing constitutes part of this limitation. Simon v. E. Ky. Welfare Rights Org., 426 U.S. 26, 37 (1976) ("No principle is more fundamental to the judiciary's proper role in our system of government than

the constitutional limitation of federal-court jurisdiction to actual cases or controversies."); see U.S. Const. art. III, § 2, cl. 1. "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). To establish standing, a plaintiff must satisfy three elements. First, it must have suffered an "injury in fact," that is, "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not 'conjectural' or 'hypothetical[.]'" Id. at 560 (citations omitted). Second, a causal connection must exist between the injury and the conduct complained of. Id. Third, the plaintiff must show a likelihood that the injury can be redressed by a favorable court decision. Id. at 561.

Corey does not have standing, as required in order for it to properly request review of Commerce's final determination before a NAFTA binational panel, and therefore its request for binational review of Commerce's final determination cannot be deemed filed by an FTA country. NAFTA art. 1904(5) requires a private party to have standing, as determined by the laws of the importing country, in order to request a binational panel. See NAFTA art. 1904(5), 32 I.L.M. at 683. In Commerce's final determination, it assigned Corey a weighted-average dumping margin of 0.00 percent. See Final Results, 85 Fed. Reg. at 5,392. Under U.S. law, Corey's 0.00 percent margin, without more, is insufficient to demonstrate an injury in fact—the first of three requirements for standing. See, e.g., PAO Severstal v. United States, 41 CIT __, __, 219 F. Supp. 3d 1411, 1414 (2017) ("PAO") (holding a prevailing party

lacks standing to sue); Zhanjiang Guolian Aquatic Prods. Co. v. United States, 38 CIT __, __, 991 F. Supp. 2d 1339, 1342 (2014) (citing Royal Thai Gov't v. United States, 38 CIT __, __, 978 F. Supp. 2d 1330, 1333 (2014)); Jubail Energy Servs. Co. v. United States, 39 CIT __, __, 125 F. Supp. 3d 1352, 1356 (2015) (respondent receiving favorable outcome in antidumping determination lacks standing); Rose Bearings Ltd. v. United States, 14 CIT 801, 802–03, 751 F. Supp. 1545, 1546–47 (1990) (where, inter alia, the complaining party did not have to pay an antidumping duty, there is no case or controversy); but see Oman Fasteners, LLC. v. United States, 43 CIT __, Slip Op. 19-108 at 14–21 (2019) ("Oman") (finding a plaintiff had standing to challenge a final determination, despite being assigned a zero rate, where the plaintiff alleges that the outcome of a separate, pending appeal of that same determination, in which it was a defendant-intervenor thus unable to raise its own claim, could result in it being assigned a rate on remand).[13] As all three criteria must be satisfied for a party to have standing, the court does not need to consider the other two requirements. Moreover, since Corey is the only party to this dispute that requested a binational panel, see generally NAFTA Req., and since it did not have standing to do so, no party

---

[13] In this case, as in Oman, the petitioners in the investigation have challenged Commerce's determination in a related proceeding and Corey is a defendant-intervenor in that case. See Full Member Subgroup of the American Institute of Steel Construction, LLC v. United States, Ct. No. 20-00089. Defendant-intervenor in that case, BSM, has argued that petitioners' filing in that proceeding was beyond the time allowed by statute to commence an action. See Def.-Intervenor [BSM]'s Resp. to Mot. to Dismiss, Aug. 13, 2020, ECF No. 36 (from Dkt. Ct. No. 20-00089).

who would "otherwise be entitled under the law of the importing Party to commence domestic procedures for judicial review" requested a binational panel.[14]

Although it may seem unfair to deny a party the ability to defend a favorable determination before a NAFTA binational panel, the court must abide by the statutory framework as written— it cannot refashion it to suit the court's notions of fairness. Moreover, Congress intended to divert jurisdiction from U.S. courts to a binational panel where a NAFTA party opts for a panel, and for the binational panel's decision to have the same effect as a U.S. court's judgment. See Ontario Forest Indus. Ass'n v. United States, 30 CIT 1117, 1120, 444 F. Supp. 2d 1309, 1313 (2006) (citing S. REP. NO. 100-509 at 30, reprinted in 1988 U.S.C.C.A.N. at 2425). Thus, the binational panel process replaces the forum—not the remedies—available to the parties. A prevailing party can defend a favorable outcome as a defendant-intervenor before the U.S. Court of International Trade where another plaintiff challenges that determination. Although a defendant-intervenor may not expand the issues before the court, if, upon review, the administrative determination is changed in such a way as to cause injury to the defendant-intervenor, that party may then commence an action challenging the determination causing the injury. 19 U.S.C. § 1516a(a)(2); see also PAO, 41 CIT at __, 219 F. Supp. 3d at 1416. To allow Corey to request the formation of a binational panel would expand the rights and remedies available to it rather than simply provide a change of forum. Where, as here, no party with standing

---

[14] No party to this dispute alleges that anyone other than Corey has filed a request for a NAFTA binational panel.

Court No. 20-00069 Page 17

requested the binational panel, there are no statutory grounds to divest this Court of jurisdiction over the dispute.

## CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendant's motion to dismiss for lack of subject matter jurisdiction is denied.

                        /s/ Claire R. Kelly
                        Claire R. Kelly, Judge

Dated:    November 3, 2020
            New York, New York